UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

    William K. Walsh                                                  Case No. 05-26595 K
                       Debtor
------------------------------------------------------------------
Michael H. Arnold

                       Plaintiff

              -vs-                                       AP No. 06-2045 K

Lisa Walsh
                      Defendant
------------------------------------------------------------------

William E. Brueckner, Esq.
180 Canal View Boulevard, Suite 600
Rochester, NY   14623

Attorney for Plaintiff


William J. MacDonald
2526 Browncroft Blvd.
Rochester, NY   14625

Attorney for Defendant


## OPINION AND ORDER AFTER TRIAL


       Pursuant to an earlier decision in this Adversary Proceeding, this matter was tried to the Court principally on two issues:  (1) Was the transferee a "mere conduit" from whom the Trustee cannot recover under 11 U.S.C. § 550; and, if not a "mere conduit," then (2) Was the transfer intended by the Debtor and the defendant to "hinder, delay, or defraud" the Debtor's creditors?

FINDINGS OF FACT

All facts except one are not disputed, and the Court adopts the parties' recitation of the facts as its own Rule 52 Findings of Fact, except as to the one fact in dispute. That is whether the defendant knew of her husband's serious financial difficulty when she accepted the $48,000 transfer.

As to that disputed fact, the Court finds that although the transfer may have been made by the husband with fraudulent intent, the evidence produced by the Trustee is insufficient for the Court to conclude that the defendant received the transfer with such intent. (This will be discussed more fully below.)

CONCLUSIONS OF LAW

As to the question of whether the defendant was a "mere conduit," the Court concludes that the defendant was not such a conduit, and that, consequently, she is an "initial transferee" from whom the Trustee may recover under 11 U.S.C. § 550.

Contrary to her arguments, she has established only that she <u>would</u> not have unilaterally decided how to spend the $48,000, not that she <u>could</u> not do so. Clearly she could have done anything she wished with the funds, and not have incurred any legal liability to her husband for doing so. This fact is dispositive, in that no case can be found in which a transferee who is a "mere conduit" would not have been in breach of some duty under trust doctrine, agency, other fiduciary doctrine, or at least under contract, had the transferee not acted for benefit of the transferor/debtor's creditors. The defendant's sense of moral obligation to her

marriage and to her husband was not a legal obligation to refrain from exercising the full dominion and control that she unequivocally possessed by virtue of the funds being in her bank account, to which her husband had no access.

As noted above, the Court has concluded that the Trustee has not carried the burden of proving, by a fair preponderance of the evidence, that the defendant knew how bad her husband's situation was. Though Mizuno Sporting Goods had already sued her husband as of the time of the transfer, there is no evidence the defendant was aware of that. Though Titleist Sporting Goods was owed substantial monies at the time of the transfer, there similarly is no evidence that she was aware of that fact.

She admits being aware of a U.S. Postal Service debt and a rental obligation for the business premises. But there is fair evidence that from the $48,000 transferred, she gave back $16,000 or more for the payment of business bills.

(There is no evidence at all that she was involved in the operation of the golf shop. Moreover, it appears to the Court that she believed her husband's income, in 2005, to have been comprised of earnings not only from the golf shop, but as an employee of the golf course project.)

The Trustee's argument that her denial of knowledge of her husband's financial situation is "incredible," can rest only in a supposition that both parties to every marriage are completely forthright and forthcoming with each other about how well or how poorly each is doing at work. For such argument to be premised in some kind of notion of "inquiry notice" by virtue of marriage alone would be lacking both in legal authority and in empirical evidence: in

this Court's experience, many spouses are the last to know the other spouse's financial situation despite a high degree of watchfulness.  Even marriages that do not involve one spouse's conducting a business often come before this Court because of hidden bank accounts, brokerage accounts or credit card statements that do not come to the home address, concealing a spouse's problem with gambling or other addictions, or unwise investment choices.  Indeed, the absence of legal authorities and empirical evidence aside, public policy would seem to mandate against imputations of knowledge between spouses that would require audited reciprocal financial statements between spouses when any significant inter-spousal transaction is to occur.

## CONCLUSION

The defendant was not a mere conduit, and is therefore an initial transferee from whom the Trustee may collect.

Moreover, it is clear after trial that the Debtor was insolvent at the time of the transfer.[1]

But because the Court has ruled that the defendant has not been shown to have acted with fraudulent intent, the Trustee's first, second, fourth and fifth (as it relates to the first, second and fourth) causes of action are dismissed on the merits, and his request for attorney's

---

[1] Although that fact was not established at the time this Court entered its earlier decision, the defendant did not proffer any evidence to rebut the presumption of insolvency that attends intra-family transfers, as discussed in that earlier decision.

fees under Debtor and Creditor Law § 276(a) is denied.[2]

Examining the Complaint carefully, the Court notes that "constructive" fraudulent transfer was pled only under 11 U.S.C. § 548, and not under State Law. In this Court's December 4, 2006 Decision, it stated, at footnote 5, that the meaning of the phrase "promise of future support" for purposes of 11 U.S.C. § 548(d)(2)(A), "remains to be argued, if necessary, after the § 550 fact issues surrounding the transfer are tried . . . ."

The Court concludes that such argument is not "necessary." At trial there was no hint or suggestion that the Debtor was leaving it to his wife to become his sole source of financial support.

No later than August 31, 2007, the Trustee shall move for judgment in an amount certain pursuant to this Decision and the evidence adduced at trial. For tracking purposes only, this matter is restored to the calendar at the Genesee County Court House, 7 Main Street, 3rd Floor, Batavia, New York, on September 11, 2007 at 2:30 p.m.

SO ORDERED.

Dated:    Buffalo, New York
          July 31, 2007

                                                      s/Michael J. Kaplan
                                        _____
                                                    U.S.B.J.

---

[2] The Trustee's fourth cause of action for recovery pursuant to § 547 is dismissed for failure to demonstrate the existence of an antecedent debt owed to the defendant by the debtor. The fifth cause of action is not dismissed, other than as stated above, but applies only to the extent that defendant files a proof of claim without disgorging the transfer in suitable amount.